STANLEY LA BEET

v.

RODGER DAVID, PUERTO RICAN CARS, INC., and
TERRY MORRISSEY

Rodger David and Puerto Rican Cars, Inc., Appellants

No. 17,095

United States Court of Appeals

Third Circuit

Heard January 27, 1969
Decided March 5, 1969

*See, also, 407 F.2d 848*

JAMES A. RICHARDS, JR., ESQ., St. Thomas, Virgin Islands,
*for appellants*

MAAS, IRELAND & BRUNO, St. Thomas, Virgin Islands
(THOMAS D. IRELAND, ESQ., for counsel), *for appellee*

Before MARIS, FREEDMAN, and VAN DUSEN, *Circuit
Judges*

PER CURIAM:

This is an appeal by the defendants from a judgment for the plaintiff in a suit for damages for personal injuries resulting from an automobile accident which occurred about midnight on June 14, 1967 when an automobile owned by defendant Puerto Rican Cars, Inc. and being driven by defendant Rodger David east on Bournefield Road in St. Thomas collided with an automobile owned by the plaintiff and being driven by him from a westerly course on Bournefield Road in a right turn into a side road leading to his home. The evidence as to the manner in which the accident occurred was conflicting. The district court found that the plaintiff, who observed the defendant David's vehicle approaching some distance away, reasonably concluded that he would have ample opportunity to make his right turn, but that the defendant David, because he was proceeding at an excessive rate of speed, reached the intersection just as the plaintiff's vehicle was entering the side street, collided with it, causing damage to both cars and the personal injuries for which the plaintiff has brought suit.

The defendants urge on appeal that the court erred in finding them liable for the plaintiff's injuries. There is no merit in this contention. There was ample evidence to support the court's findings and we cannot say that they are erroneous. They in turn support the court's conclusion that the defendant David was guilty of negligence and that his negligence was the sole proximate cause of the injuries sustained by the plaintiff. The defendants also contend that the plaintiff was guilty of negligence in failing to observe the requirements of 20 V.I.C. § 495(b) to bring his motor vehicle to a full stop, change to low gear, sound the warning device and then proceed with due cau-

tion when crossing a main road beyond the town limits. As to this contention it is sufficient to point out that this statute applies only to a vehicle entering or crossing a main road from a side road. It does not apply to a vehicle leaving a main road by turning into a side road.

The judgment of the district court will be affirmed.